**IN THE COURT OF APPEALS OF IOWA**

No. 22-0320
Filed June 7, 2023

**DOUGLAS PAUL BEERY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Adrienne Loutsch of Benzoni & Maffit Law Office, P.L.C., (until withdrawal)

and Erin M. Carr, Des Moines, for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ. Tabor,

J., takes no part.

**GREER, Judge.**

Douglas Beery was convicted of first-degree murder and assault with intent to inflict serious injury in 1996. We have previously outlined the underlying facts as follows:

> Beery, his brother and several others, after having been asked to leave a bar for causing a disturbance, began fighting. During the fracas, two passing vehicles were kicked by Beery or his brother. After having her car kicked, Dawn Ray returned with her husband, Jackie, and three other men. A brawl ensued and Beery pulled his knife. He stabbed one individual, Dennis Link, four times, including a fatal wound to the chest. He also stabbed Jackie Ray in the chest.

*Beery v.* State, Nos. 0-797, 00-0015, 2001 WL 98382, at *1 (Iowa Ct. App. Feb. 7, 2001).

In the beginning of the legal proceedings defining this case, Beery did not contest that he stabbed Link and Ray; he argued he was justified in his actions because it was self-defense. The jury was not persuaded, and it convicted Beery for the stabbing of each. Beery challenged his convictions on direct appeal, we affirmed, and procedendo issued in 1997.

Beery filed and was unsuccessful in three separate postconviction-relief (PCR) actions. *See id.*; *Beery v. State*, No. 13-0203, 2014 WL 956006 (Iowa Ct. App. March 12, 2014); *Beery v. State*, No. 14-0031, 2015 WL 9450405 (Iowa Ct. App. Dec. 23, 2015). He filed the current action—his fourth—more than twenty years after his initial conviction. Switching from his previous theme of self-defense, Beery now asserted he was not the person who stabbed Link. He claimed "newly discovered evidence" that his brother Jimmy had admitted stabbing and killing Link. He also argued all of his prior attorneys provided ineffective assistance

because his first counsel "effectively conceded [his] guilt during the trial without [his] consent[;] counsel placed the knife in [his] hands and contended [he] acted in self-defense or with justification."

The district court held a full evidentiary hearing on Beery's fourth PCR application. Afterward, the court ruled that the statements Beery sought to offer of third parties allegedly reporting Jimmy's admissions to Link's killing were not statements against interest (under Iowa Rule of Evidence 5.804(b)(3)) because the purported statements were "so implausible as to fail to meet the corroboration requirement." The court ruled the statements were not admissible. Alternatively, the court determined that "[e]ven if somehow the statements attributed to Jimmy were admissible, they do not rise to the level of newly discovered evidence under Iowa Code [section] 822.3." It denied Beery's application, and he appeals. Beery contends the court erred in (1) failing to find trial counsel ineffective for arguing self-defense, (2) failing to admit the statements of his deceased brother, Jimmy Beery, as statements against interest, and (3) failing to find Jimmy's statements qualified as newly discovered evidence.

To cut to the core issue, we begin by considering whether Beery can avoid the statute of limitations for PCR actions.[1] Iowa Code section 822.3 (2019) provides, in relevant part:

---

[1] In *Moon*, our supreme court reiterated that "[t]he onus is on the applicant" asking for PCR outside the statute of limitations to "meet the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period." *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018) (quoting *Harrington v. State*, 659 N.W.2d 509, 515, 520 (Iowa 2003)). And the court "again emphasize[d] the ground-of-fact exception pursuant to section 822.3 is not the same as a substantive claim for postconviction relief based on newly discovered evidence pursuant to section 822.2(1)(d)." *Id.*

> All . . . applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

So, to avoid the three-year statute of limitations—which ran in 2000—Beery must show he could not have raised the grounds of fact he sought to offer (that his trial counsel argued self-defense against his wishes and his brother's alleged statements that he was actually Link's killer) within the applicable time period. *See Schmidt v. State*, 909 N.W.2d 778, 798 (Iowa 2018). "Additionally, 'a [PCR] applicant relying on the ground-of-fact exception must show the ground of fact is relevant to the challenged conviction.' This is the nexus requirement." *Id.* (citation omitted). "[A] ground of fact is 'relevant' if it is the type of fact 'that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2.'" *Id.* at 798–99 (citations omitted). Only if the applicant can meet the threshold, procedural issue should the court consider the substantive claim for relief. *See Harrington*, 659 N.W.2d at 521.

Beery's assertions that trial counsel argued justification against his wishes is not based on new facts that could not have been raised during the three-year window allowed for PCR actions. Assuming his claim is factually accurate—that counsel argued for self-defense against his wishes—Beery would have been aware of the fact since the time of his criminal trial; his testimony at this PCR hearing establishes as much—he said

> Q. Okay. So you, of course, knew way back when this offense first took place, you knew whether or not you stabbed Dennis Link; right? A. Definitely.

Q. And it's your position today that you didn't stab him; right?
A. No, I did not stab Dennis Link, and I did not stab Jackie Ray. I did not have a knife on me at that time, sir.

Q. Okay. And you would have known that before your trial took place; right? A. Definitely. And that's what I tried to tell my attorney. He wasn't trying to hear it.

Q. Okay. A. He was trying to tell the [self-defense] story.

Q. At trial it was the defense position that you did stab the victim but that you did it in self-defense? A. And that's part—and that was part of my complaint on here about my attorney pleading me guilty.[2] That's what blew me away when he said that. He's like just be patient. Because he was telling me just be patient, let me do—or basically let me do this because you'll be home by baseball season. You know, I got this. He kept telling me this and kept telling me, so I believed him.

Q. But the trial took place 25 years ago; right? A. Yes, sir.

Q. And— A. Twenty-six, it was.

Q. So any dissatisfaction that you had with your trial attorney you knew about that 25 years ago; right? A. Yeah. But I was ultimately convicted of murder and then I had—what do I do? I start appealing.

This claim is not premised on a new ground of fact, so it does not fall within the exception to the statute of limitations. We do not consider it further.

Next, we consider Beery's claim that Bobby Joe Snow, Don Ockenfels, and Nikki Beery had recently come forward stating that Beery's now-deceased brother Jimmy[3] confessed to fatally stabbing Link. Snow testified at the PCR hearing that he told Beery about Jimmy's statements—made to Snow in the late 1990s—around 2017 or 2018. Ockenfels testified Jimmy explained his involvement in the crimes in 2017 and that he (Ockenfels) told Beery about Jimmy's statements during the COVID-19 pandemic. Nikki—Beery's wife as of 2018—testified Jimmy

---

[2] Beery did not plead guilty; we understand this statement to refer to the fact that his trial counsel told the jury (during both the opening and closing statement) that Beery inflicted the wounds to Link and Ray.

[3] Jimmy died in September 2019; his death is unrelated to the incidents described in this case.

told her about his involvement in 2003 or 2004 and again in 2014 or 2015; she passed that information to Beery in 2018. Here, we differentiate between Jimmy's purported confessions.[4] The statement made to Snow in the late 1990s was available (even if not actually known by Beery) before the statute of limitations ran in 2000. So this is not a new ground of fact, and we remove it from our consideration. *Cf. Schmidt*, 909 N.W.2d at 799 (finding a recantation was a new ground of fact when it "was not available to [the applicant] within the three-year period following the date of his conviction and [the applicant] could not have discovered the recantation earlier than he did in the exercise of due diligence.").

But Jimmy's confession to Ockenfels and Nikki came after the three-year window following the issuance of procedendo, so Beery could not have brought the confessions to the court's attention within the statute of limitations. *Cf. id.* at 799. And another person's confession to the crime is the type of evidence that has the *potential* to qualify as material evidence for relief under a newly-discovered-evidence claim, so it is relevant. *See* Iowa Code § 822.2; *see also Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). This is enough to meet the ground-of-fact exception for the evidence from Ockenfels and Nikki, so this claim is not time-

---

[4] We have considered lumping Jimmy's confessions together, as the important fact is that he confessed at all—not to whom he confessed or the number of different times. If we did so, we would conclude that Jimmy took responsibility for the stabbing of Link before the PCR statute of limitations ran (when he purportedly confessed to Snow in the late 1990s) and find the fact that Jimmy confessed is not a new ground of fact. That would end our analysis. But here, we are considering each of Jimmy's confessions as a separate piece of evidence (as the court would in determining whether the statement is hearsay or relevant and if the individual witnesses were credible in their testimony of Jimmy's statements), so we consider when each confession occurred and whether Beery could have raised the fact of that individual confession to the court.

barred. *See Moon*, 911 N.W.2d at 143 ("We explicitly and 'specifically reject[ed] any requirement that an applicant must show the ground of fact would likely or probable have changed the outcome of the underlying criminal case in order to avoid a limitations defense.'" (quoting *Harrington*, 659 N.W.2d at 521) (alteration in original)).

So, we turn to the question of whether Beery can prevail on the substance of his newly-discovered-evidence claim. *See id.* at 145. To do so, Beery must show:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Id.* at 151.

Jimmy's confessions to Ockenfels and Nikki were purported to have taken place after Beery's trial. But the *contents* of Jimmy's confession—that he was the person who stabbed Link—could have been discovered earlier with the exercise of due diligence by Beery. *See id.* ("The obvious fact is that Boone's 2011 affidavit came after Moon's 2000 trial. [But] [t]he question is whether Moon discovered the contents of Boone's affidavit after the verdict."). Since Beery always knew[5] he was not at the scene at the time of the stabbing and was not the person who committed the act, it should have been clear his brother was one of just a few candidates who could have stabbed Link. Moreover, the evidence Beery would actually seek to

---

[5] This line of thought puts aside the fact that Beery admitted at his underlying criminal trial, his direct appeal, and his first three PCR actions that he was at the scene of the stabbing and, in fact, was the person who stabbed Link.

offer at a new trial, the hearsay statements of his now-wife and Ockenfels that his deceased brother is actually the killer, in direct contradiction to years of Beery's own claims he acted in self-defense and the eyewitnesses from the criminal trial who named Beery as the actor, is not the type of evidence that is likely to change the result. As the district court concluded, "The [fourth PCR action] is ultimately not based on newly discovered evidence, but more realistically newly created evidence. It relies almost entirely on a claim against a convenient scapegoat, the now-deceased Jimmy." And the "fact" that Jimmy—not Beery—was the person who stabbed Link is contradicted by much of the evidence from the underlying criminal trial. Multiple witnesses at the underlying criminal trial—uncontroverted at the time—stated Jimmy got into Link's blue station wagon and left the scene before Link was stabbed. Physical evidence supports this, as Jimmy's blood was found in the station wagon.[6] Plus, as the district court noted:

> Beery was identified as the assailant by both Ray (the survivor of the first stabbing, who identified Beery in open court) and Wimber (the witness to the fight between Beery and Link, who put Beery at the scene at the time of the fatal stabbing). [And] Beery's contention that he was the one who left the scene prior to the stabbings with Wimber and Milani has no factual support whatsoever; neither Wimber nor Milani supported that version of events in the testimony and recitations offered during the criminal trial, and neither of them testified during the postconviction trial in an effort to recant their prior versions; namely, that Beery left with them after the fatal stabbing, not before.

(Footnote omitted). Beery is not entitled to a new trial based on his claim of newly discovered evidence. We affirm the district court.

**AFFIRMED.**

---

[6] Before Link and Ray arrived, Jimmy sustained a wound in his leg.